Danielle Hultenius Moore (SBN 232480)
  E-Mail:  dmoore@fisherphillips.com
Adam F. Sloustcher (SBN 291657)
  E-Mail:  asloustcher@fisherphillips.com
Haylee Saathoff (SBN 323267)
  E-Mail:  hsaathoff@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile:  (858) 597-9601

Attorneys for Defendant Accelerated Services LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE BAZILLE, JR., individually and on behalf of all others similarly situated, | Case No: |
| | *[Previously assigned to Hon. Brad Seligman; Alameda Superior Court Case No. RG20071487]* |
| Plaintiff, | |
| v. | **DEFENDANT ACCELERATED SERVICES LLC'S NOTICE OF REMOVAL** |
| ACCELERATED SERVICES LLC, a Colorado limited liability company; and DOES 1 to 50, inclusive, | |
| | Complaint Filed:  August 13, 2020 |
| Defendants. | Trial Date:      Not Set |

# TABLE OF CONTENTS

I. PROCEDURAL HISTORY ................................................................... 1

II. BASIS FOR REMOVAL JURISDICTION ..................................... 1

    A. Plaintiff's Citizenship ....................................................... 2

    B. Defendant's Citizenship .................................................... 2

    C. Amount in Controversy ..................................................... 3

III. TIMELINESS OF REMOVAL .................................................... 11

IV. NOTICE PROVIDED TO STATE COURT AND PLAINTIFF ............. 11

FP 39650185.1

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Agredano v. Sw. Water Co. et al.*,
No. CV 17-02627 SJO (EX), 2017 WL 2985395 (C.D. Cal. May 30, 2017)...................................................................................................8

*Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*,
465 F.2d 489 (9th Cir. 1972)...................................................................4

*Bank One, Texas, N.A. v. Montle*,
964 F.3d 281 (3d Cir. 2006).....................................................................2

*Bell v. Preferred Life Ass'n Society*,
320 U.S. 238 (1940)..................................................................................5

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
135 S.Ct. 547 (2014).................................................................................4

*Duberry v. J.Crew Group, Inc.*,
No. 2:14-cv-08810-SVW-MRW, 2015 WL 4575018 (C.D. Cal. July 28, 2015)..........................................................................................8

*Fischel v. Equitable Life Assurance Soc'y of U.S.*,
307 F.3d 997 (9th Cir. 2002).................................................................10

*Galt G/S v. JSS Scandinavia*,
142 F.3d 1150 (9th Cir. 1998).................................................................5

*Giannini v. Northwestern Mut. Life Ins. Co.*,
No. 12-77, 2012 WL 1535196 (N.D. Cal. Apr. 30, 2012)...................8

*Gibson v. Chrysler Corp.*,
261 F.3d 927 (9th Cir. 2001), *holding modified by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).........................5

*Johnson v. Columbia Properties Anchorage, LP*,
437 F.3d 894 (9th Cir. 2006)...................................................................3

*Kanter v. Warnter-Lambert Co.*,
265 F.3d 853 (9th Cir. 2001)...................................................................2

FP 39650185.1

*Kantor v. Wellesley Galleries, Ltd.*,
   704 F.2d 1088 (9th Cir. 1983)................................................................2

*Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*,
   199 F.Supp.2d 993 (C.D. Cal. 2002)......................................................5

*Kroske v. U.S. Bank Corp.*,
   432 F.3d 976 (9th Cir. 2005).................................................................5

*Lew v. Moss*,
   797 F.2d 747 (9th Cir. 1986).................................................................2

*Lopez v. Aerotek, Inc.*,
   No. SACV 14-00803-CJC, 2015 WL 2342558 (C.D. Cal. May
   14, 2015)..............................................................................................8

*Marroquin v. Wells Fargo, LLC*
   No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3,
   2011 ..................................................................................................2, 3

*Mejia v. DHL Express (USA), Inc.*,
   No. CV 15-890-GHK JCX, 2015 WL 2452755 (C.D. Cal. May
   21, 2015)..............................................................................................8

*Mintzis v. Scott*,
   No. 2:14-CV-01799-CAS, 2014 WL 3818104 (C.D. Cal. July 30,
   2014)....................................................................................................2

*Mitchell v. United States*,
   88 U.S. 350 (1875) ..............................................................................2

*Mondragon v. Capital One Auto Fin.*,
   736 F.3d 880 (9th Cir. 2013)..............................................................2, 3

*Muniz v. Pilot Travel Ctrs. LLC*,
   No. 07-0325, 2007 WL 1302504 (E.D. Cal. May 1, 2007) ....................8

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
   526 U.S. 344 (1999) ...........................................................................11

*Newcombe v. Adolf Coors Co.*,
   157 F.3d 686 (9th Cir. 1998).................................................................3

TABLE OF AUTHORITIES

FP 39650185.1

*Nielsen v. El Toro Med. Inv'rs Ltd. P'ship*,
   No. SACV09-0544 DOC(ANX), 2009 WL 10674873, at *3 (C.D.
   Cal. July 9, 2009)....................................................................................................3

*Parker-Williams v. Charles Tini & Associates, Inc.*,
   53 F.Supp.3d 149 (D.D.C. 2014) ....................................................4, 10, 11

*Rodriguez v. AT & T Mobility Servs. LLC*,
   728 F.3d 975 (9th Cir. 2013) ............................................................................4

*Roth v. Comerica Bank*,
   799 F.Supp.2d 1107 (C.D. Cal. 2010)..............................................................5

*Saulic v. Symantec Corp.*,
   No. SA CV 07-610 AHS, 2007 WL 5074883 (C.D. Cal. Dec. 26,
   2007)...................................................................................................................4

*Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*,
   781 F.3d 1233 (10th Cir. 2015) ........................................................................3

*Singer v. State Farm Mutual Auto. Ins. Co.*,
   116 F.3d 373 (9th Cir. 1997) ............................................................................4

*Snyder v. Harris*
   (1969) 394 US 332 ............................................................................................2

*State Farm Mut. Auto. Ins. Co. v. Dyer*,
   19 F.3d 514 (10th Cir.1994)..........................................................................2, 3

*White v. J. C. Penney Life Ins. Co.*,
   861 F.Supp. 25 (S.D. W.Va. 1994) ...................................................................4

**State Cases**

*Murphy v. Kenneth Cole Productions, Inc.*
   (2007) 40 Cal.4th 1094.................................................................................7, 8

**Federal Statutes**

28 U.S.C. §§ 1332, 1441, and 1446.......................................................................1

28 U.S.C. § 1332(a) ...............................................................................................3

28 U.S.C. § 1441(b)(1) ...........................................................................................3

3    Case No.:

TABLE OF AUTHORITIES

FP 39650185.1

1

28 U.S.C. § 1446(b) .................................................................................. 11

2

**State Statutes**

3

4

Cal. Code Civ. Pro. § 338, subd. (a) ........................................................... 7

5

Cal. Code Civ. Pro. § 415.30(c) ................................................................. 11

6

Cal. Code Civ. Pro. § 1201.5 .................................................................... 10

7

California Business & Professions Code § 17200, *et seq*. .................................... 8

8

Labor Code § 203 .................................................................................. 10

9

Labor Code § 226(e)(1) ........................................................................... 10

10

11

Labor Code § 226.7 ............................................................................. 7, 8

12

Labor Code § 226.8(b) ............................................................................. 6

13

Labor Code § 226.8(c) ............................................................................. 6

14

Labor Code § 1194.2 ........................................................................... 7, 10

15

Labor Code § 2802 ................................................................................ 9

16

Labor Code § 2802(c) ............................................................................ 10

17

18

19

20

21

22

23

24

25

26

27

28

**TO PLAINTIFF AND THE CLERK OF THE ABOVE ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Accelerated Services LLC ("Accelerated") hereby removes the above-referenced action of Plaintiff Horace Bazille, Jr. from the Superior Court of California, County of Alameda to the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 1332, 1441, and 1446.  In support of removal, Defendant states as follows:

**I.    PROCEDURAL HISTORY**

1.    On August 13, 2020, Plaintiffs filed a Complaint in the Superior Court of California, County of Alameda, entitled Horace Bazille, Jr. v. Accelerated Services, LLC, and DOES 1-50, Alameda County Superior Court Case No. RG20071487.

2.    Accelerated was deemed served with the Summons and Complaint on March 1, 2021 when Accelerated's counsel executed a Notice and Acknowledgment of Receipt of the Complaint provided by Plaintiffs' counsel. (Declaration of Haylee Saathoff ("Saathoff Decl."), ¶2.) A copy of the Summons, Complaint, and related documents that were sent to Accelerated's counsel, along with the executed Notice of Acknowledgement of Receipt, is attached hereto as **Exhibit "A."**

3.    Based on information and belief, there are no other pleadings filed in this matter.

**II.    BASIS FOR REMOVAL JURISDICTION**

4.    This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. section 1332 because Plaintiff and Accelerated are citizens of different states, Accelerated is not a citizen of California, and the amount in controversy as to Plaintiff's individual claims exceeds $75,000 exclusive of interest and costs. Accordingly, this case may be removed to this Court under 28 U.S.C. sections 1441 and 1446.

1    Case No.:
DEFENDANT ACCELERATED SERVICES LLC'S NOTICE OF REMOVAL

### A.    Plaintiff's Citizenship

5.    To establish citizenship for diversity purposes, a natural person must be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Natural persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Kanter v. Warnter-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Residence is *prima facie* evidence of domicile.  *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir.1994); *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011).  An existing domicile is presumed to continue.  *Mitchell v. United States*, 88 U.S. 350, 353 (1875) ("[D]omicile, once acquired, is presumed to continue until it is shown to have been changed."); *Mintzis v. Scott*, No. 2:14-CV-01799-CAS, 2014 WL 3818104, at *5 (C.D. Cal. July 30, 2014); *Bank One, Texas, N.A. v. Montle*, 964 F.3d 281, 288 (3d Cir. 2006).  It is presumed that a natural person's residence is also his domicile, and a party resisting this presumption bears the burden of producing contrary evidence.  *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).  Plaintiff is a resident of California, and for the duration of his relationship with Accelerated, Plaintiff was contracted by Accelerated to perform driving services in California. Complaint, ¶ 5. Accordingly, Plaintiff is domiciled in and a citizen of the State of California. The citizenship of the remaining class members is irrelevant for the purposes of traditional diversity jurisdiction. Only the citizenship of the named parties in a class action (the representative plaintiff and defendants) is considered for traditional diversity purposes. *See Snyder v. Harris* (1969) 394 US 332, 339-340. Nonetheless, the Class Plaintiff seeks to represent is by definition comprised of California residents.  Complaint, ¶ 32.

### B.    Defendant's Citizenship

6.    Accelerated is a limited liability company.   In determining the

2      Case No.:

citizenship of an LLC, courts look to the citizenship of each member of the company. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Unlike a corporation, an LLC is not a citizen of the state in which it was organized unless one of its members is a citizen of that state. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015); *Nielsen v. El Toro Med. Inv'rs Ltd. P'ship,* No. SACV09-0544 DOC(ANX), 2009 WL 10674873, at *3 (C.D. Cal. July 9, 2009)

7.    At all relevant times, Accelerated was an LLC with one member: Tom Montgomery. *See* Declaration of Tom Montgomery ("Montgomery Decl."), ¶2 filed concurrently herewith. Because the sole member of Accelerated is a natural person, the diversity requirements for natural persons must be satisfied to make removal proper. *Johnson*, *supra*, 437 F.3d at 899.

8.    Tom Montgomery is currently a resident of Greenwood Village, Colorado, where he also lived when the Complaint was filed. *See* Montgomery Decl., ¶2. Mr. Montgomery is accordingly domiciled in and a citizen of the State of Colorado. *Mondragon*, *supra*, 736 F.3d at 886; *Dyer*, *supra*, 19 F.3d at 520; *Marroquin*, *supra*, No. 11CV163-L BLM, 2011 WL 476540, at *1.

9.    Because Plaintiff is a California citizen and Accelerated is a citizen of Colorado, complete diversity of citizenship exists in this matter.[1]

C.    **Amount in Controversy**

10.    The Court has diversity jurisdiction over an action in which the parties are not citizens of the same state and "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a).

11.    Plaintiff's Complaint does not identify the amount in controversy in

---

[1] The Complaint also names as Defendants Does 1 through 50 ("DOE Defendants"). Pursuant to 28 U.S.C. section 1441(b)(1), the citizenship of defendants sued under fictitious names is disregarded. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). For this reason, this Notice of Removal does not discuss the citizenship of the alleged DOE Defendants.

the action, though the civil cover sheet does indicate that the amount in controversy exceeds $25,000.  *See,* **Exhibit "A."**

12.    The $75,000 threshold necessary for diversity jurisdiction is not particularly burdensome.  When seeking removal of a state action to federal court based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).  The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction.  *See, Saulic v. Symantec Corp.*, No. SA CV 07-610 AHS (PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007); *Parker-Williams v. Charles Tini & Associates, Inc.*, 53 F.Supp.3d 149, 152 (D.D.C. 2014) (amount in controversy threshold in a disability discrimination case was undoubtedly met after taking into account Plaintiff's ability to recover unspecified amounts of compensatory damages, punitive damages, and attorneys' fees); *White v. J. C. Penney Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding failure of plaintiff to plead specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining . . . to place a specific dollar claim upon its claim.").  Defendant need only to establish by *a preponderance of evidence* that the claims exceed the jurisdictional minimum.  *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

13.    Accelerated adamantly denies Plaintiff's allegations, denies any liability, and denies Plaintiffs have suffered any damages. Nevertheless, in assessing the amount in controversy for diversity jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.  *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*,

4    Case No.:
DEFENDANT ACCELERATED SERVICES LLC'S NOTICE OF REMOVAL

465 F.2d 489, 491 (9th Cir. 1972); *Roth v. Comerica Bank*, 799 F.Supp.2d 1107, 1117 (C.D. Cal. 2010); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). This includes any possible award of attorneys' fees where, as here, a statute at issue awards attorneys' fees to the prevailing party. *See, Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.") (citations omitted); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998) (citing *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979)). Further, a court must account for claims for not only compensatory damages but also punitive damages. *See e.g.*, *Bell v. Preferred Life Ass'n Society*, 320 U.S. 238, 240 (1940) ("Where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining jurisdictional amount."); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001), *holding modified by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). The ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what the amount of a defendant's liability (if any) will ultimately be.

14. In the instant case, Plaintiff alleges ten causes of action, seeking recovery of penalties for willful misclassification, unpaid wages, penalties for untimely payment of wages, meal and rest period premium payments, reimbursement of expenses, wage statement penalties, civil penalties under the California Private Attorneys' General Act, and attorneys' fees. Complaint, ¶¶ 38, 45-56, 52-53, 61, 66-67, 74, 79, 85, 96, 100, Prayer ¶¶ 2-10. Although Accelerated denies Plaintiff's claims of wrongdoing and his unspecified requests for relief thereon, the facial allegations in the Complaint and total amount of estimated unpaid wages, penalties, and attorneys' fees at issue are in excess of $75,000 *for*

*Plaintiff's individual claims alone.*

15.  *Willful Misclassification: $25,000.* Plaintiff alleges that Accelerated willfully misclassified him as an independent contractor. Plaintiff seeks penalties under Labor Code section 226.8(b) for alleged willful misclassification, or alternatively, under Labor Code section 226.8(c) upon a finding of a "pattern or practice" of misclassification. Pursuant to Labor Code section 226.8(b), a determination from a court or the Labor and Workforce Development Agency that an employer has willfully misclassified an individual as an independent contractor or charged certain enumerated expenses to an individual that has been willfully misclassified subjects that employer to a civil penalty of not less than $5,000 and not more than $15,000 per violation. Where there has been a determination of willful misclassification and a "pattern and practice" of such violations, an employer shall be subjected to a civil penalty of not less than $10,000 and not more than $25,000 per violation. Here, because Plaintiff seeks penalties under Labor Code section 226.8(c), he has placed up to **$25,000** at issue by his claim for willful misclassification.

16.  *Unpaid Wages: $12,124.50.* Plaintiff alleges Accelerated failed to pay him for all time worked because it did not pay separately for non-driving tasks. Complaint, ¶ 20, 39-46. Plaintiff drove for Accelerated from approximately August 30, 2018 to July 17, 2019, approximately 46 weeks. (Montgomery Decl., ¶3.) Plaintiff does not allege the amount of unpaid wages allegedly owed, but does allege that he typically spent between 30 and 45 minutes each day fueling his truck, between 1.5 and 2.5 hours each day on work- related paperwork and federally mandated inspections, and between one and two hours per day loading and unloading at pick-up and drop off locations. Complaint, ¶ 20. In total, then, Plaintiff has placed no less than 3 hours per day of unpaid time [30 + 1.5 + 1 =  3] and as many as 5.25 hours per day of unpaid time at issue [45 minutes + 2.5 hours + 2 hours = 5 hours and 15 minutes (5.25 hours)]. Plaintiff alleges that he worked five

DEFENDANT ACCELERATED SERVICES LLC'S NOTICE OF REMOVAL

FP 39650185.1

to six days per week. Complaint, ¶ 10. Thus, Plaintiff has no less than 26.25 and as many as 31.25 unpaid hours at issue by his complaint. Thus, assuming Plaintiff worked an average of 4.13 hours of unpaid time per week [(3 hours + 5.25 hours) / 2 = 4.125], and average of 5.5 days per week [(5 days + 6 days) / 2 = 5.5], Plaintiff has placed at issue approximately 22.7 hours of unpaid time per week at issue. Based on these conservative averages and assuming that non-driving tasks would be paid at applicable minimum wage, Plaintiff has placed **$12,124.50** at issue  [(17 weeks of 2018 x 22.7 hours x 2018 applicable $11 minimum wage =  **$4,244.9**) + (29 weeks of 2019 x 22.7 hours x 2019 applicable $12 minimum wage = $7,**899.6**). $4,224.9 + $7,899.6 = **$12,124.50**]. by his claim for unpaid wages.

17.    *Liquidated Damages: $12,124.50*. Plaintiff also seeks liquidated damages for the unpaid wages alleged.  Complaint, ¶ 39-45, Prayer for Relief, ¶ 3. Under Labor Code section 1194.2, a plaintiff may recover liquidated damages in the amount equal to the unpaid minimum wages, subject to a three-year statute of limitations.  Cal. Code of Civil Procedure § 338, subd. (a).  Again, assuming that Plaintiffs may collect liquidated damages in the amount of his allegedly unpaid wages, Plaintiff has placed at issue approximately $12,124.50**.**

18.    *Meal and Rest Period Penalties: up to $48,434.32.* Plaintiff also seeks meal period and rest break premiums.  (Complaint ¶¶ 47-61.)  Employers must generally take certain measures to provide employees with opportunities to take meal periods and rest breaks. *See Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1102.   The remedy for an employer's failure to provide an employee with an opportunity to take a meal period is one hour of pay to any employee to whom the employer fails to provide an opportunity to take a meal period.  Labor Code § 226.7; *Murphy,* 40 Cal.4th at p. 1102.[2]  Similarly, the general

---

[2]    Meal periods may be waived under the Labor Code; and an employer need not require an employee to actually take a meal period or rest break. *See Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094.

DEFENDANT ACCELERATED SERVICES LLC'S NOTICE OF REMOVAL

FP 39650185.1

remedy for an employer's failure to provide an employee with an opportunity to take a rest break is one hour of pay to any employee to whom the employer fails to provide an opportunity to take a rest break.    Labor Code § 226.7; *Murphy*, 40 Cal.4th at p. 1102. Where, as here, Plaintiff has alleged a claim under California Business & Professions Code section 17200, *et seq*., the statute of limitations for recovering meal period and rest break premiums is four years.

19.    Accelerated denies both that it was at any time Plaintiff's employer, and similarly denies that California's meal and rest period laws are applicable to Plaintiff. Nonetheless, Plaintiff alleges that Accelerated did not authorize truck drivers like himself to take rest breaks, and alleges that drivers, like Plaintiff, were never authorized to take complaint meal periods. (Complaint ¶¶ 22, 26.)  Multiple California district courts have held that a 100% violation rate (meaning the court assumes for purposes of removal that class members were entitled to receive at least one meal period penalty and one rest break penalty for every shift worked) is appropriate.  *Giannini v. Northwestern Mut. Life Ins. Co.*, No. 12-77, 2012 WL 1535196, at *3 (N.D. Cal. Apr. 30, 2012) (held that removal proper to assume each class member missed a meal period and rest break every day); *Muniz v. Pilot Travel Ctrs. LLC*, No. 07-0325, 2007 WL 1302504, at *3-4 (E.D. Cal. May 1, 2007); *Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK JCX, 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) (applying a 100% violation rate); *Agredano v. Sw. Water Co. et al.,* No. CV 17-02627 SJO (EX), 2017 WL 2985395, at *6 (C.D. Cal. May 30, 2017) (determining that use of a 100% violation rate is proper); *Duberry v. J.Crew Group, Inc.*, No. 2:14-cv-08810-SVW-MRW, 2015 WL 4575018, *6 (C.D. Cal. July 28, 2015); *Lopez v. Aerotek, Inc.*, No. SACV 14-00803-CJC, 2015 WL 2342558, at *3 (C.D. Cal. May 14, 2015).

20.    Plaintiff drove for Accelerated from approximately August 30, 2018 to July 17, 2019, or for approximately 46 weeks. (Montgomery Decl., ¶3.)  In that time, Plaintiff received $266,741.69 in compensation from Accelerated. (*Id.*)

DEFENDANT ACCELERATED SERVICES LLC'S NOTICE OF REMOVAL

Plaintiff's weekly rate then was $5,798.73 [$266,741.69 / 46 weeks = $5,798.73 per week]. Plaintiff worked an average of 5.5 days per week.[3] Plaintiff's daily rate, then, was $1,053.80. Plaintiff alleges he worked between 10 and 12 hours per day. (Complaint ¶ 10.) This makes Plaintiff's daily average hours, by his allegations, 11 hours per day [(10 + 12) / 2 = 11].   Plaintiff's hourly rate, then, is effectively $95.72 per hour [$1,053 per day / 11 hours per day = $95.72 per hour] based on Plaintiff's allegations. Assuming, as Plaintiff has alleged, that Plaintiff was never authorized to take a meal or rest break, Plaintiff has placed at issue $24,217.16 in meal period penalties [46 weeks x 5.5 meal period violations per week x $95.72 per hour = $24,217.16] and the same, $24,217.16  in rest break penalties [46 workweeks x 5.5 rest break violations per week x $95.72  = $24,217.16.[4]  In sum, Plaintiff has placed at issue **$48,434.32** with his meal and rest period claims.

21.  *Expense Reimbursements*: *at least  $2,100.*  Plaintiff seeks reimbursement of expenses under Labor Code section 2802. (Complaint, ¶¶62-67.) As Plaintiff provides in his Complaint, under Labor Code section 2802, an employer is required to indemnify its employees for "all necessary expenditures or losses incurred by the employee in direct discharge of his or her duties." Plaintiff alleges that he "incurred hundreds of dollars per month in unreimbursed expense." (Complaint, ¶ 66.) Plaintiff drove for Accelerated for a total of 46 weeks, or 10.5 months. Having alleged that he incurred "hundreds" of dollars per month in expenses, Plaintiff has put at issue multiple hundreds of dollars per month in expenses. Even conservatively assuming $200 per month in alleged unreimbursed expenses to Plaintiff, there is **$2,100** [$200 per month x 10.5 months = $2,100] placed at issue by Plaintiff's Labor Code section 2802 claim.

---

[3] Plaintiff alleges that he worked five to six days per week. Complaint, ¶ 10. Plaintiff thus worked an average of 5.5 days per week [(5 day + 6 days) /2 = 5.5].

[4] Plaintiff alleges that he worked five to six days per week. Complaint, ¶ 10. Plaintiff thus worked an average of 5.5 days per week [(5 day + 6 days) /2 = 5.5].

22.    _Waiting Time Penalties: $31,644._  Plaintiff seeks waiting time penalties under Labor Code section 203.  (Complaint, ¶¶ 80-85.)  As Plaintiff correctly notes, under Labor Code section 203, an employer who willfully fails to timely pay an employee's wages owed at the time of the employee's separation (or within 72 hours for a resignation), must continue to pay the employee's daily wages as a penalty until all owed wages are paid, for up to 30 consecutive days.  Plaintiff alleges Defendant did not pay wages allegedly to him, (Complaint ¶¶ 39-46, 80-85) and seeks 30 days' worth of wages on his behalf as a result.  (Complaint ¶ 85.) Plaintiff drove for Accelerated from approximately August 30, 2018 to July 17, 2019, or for approximately 46 weeks. (Montgomery Decl., ¶3.)  In that time, Plaintiff received $266,741.69 in compensation from Accelerated. (_Id._) Plaintiff's weekly rate then was $5,798.73 [$266,741.69 / 46 weeks = $5,798.73 per week]. Plaintiff worked an average of 5.5 days per week.[5] Plaintiff's daily rate, then, was $1,053.80. This means the theoretical waiting time penalties sought by Plaintiff individually is **$31,644** [$1,054.80 x 30 days = $31,644].

23.    _Attorney's Fees_.  Plaintiff also seeks to recover an unspecified amount in attorneys' fees.  Complaint, ¶¶ 46, 67, 74, 96; Prayer ¶ 2, 3, 6, 10;  Cal. Code Civ. Pro. § 1201.5;-Cal. Lab. Code §1194.2;  Cal. Lab. Code § 2802(c); Cal. Lab. Code §226(e)(1).  "When attorney fees are added into the equation," the conclusion that more than $75,000 is in controversy "becomes irresistible." _Parker-Williams_, _supra_, 53 F.Supp.3d at 153.  In the Ninth Circuit, district courts have the discretion to calculate fee awards using either the lodestar method or the "percentage-of-the-fund" method.  _Fischel v. Equitable Life Assurance Soc'y of U.S._, 307 F.3d 997, 1006 (9th Cir. 2002) (citations omitted).  Even where "the Court lacks the information required to calculate [attorneys'] fees, it is difficult to believe that the

---

[5] Plaintiff alleges that he worked five to six days per week. Complaint, ¶ 10. Plaintiff thus worked an average of 5.5 days per week [(5 day + 6 days) /2 = 5.5].

amount in controversy here could be lower than $75,000 when the [attorneys'] fees are factored in" along with the other potential damages at issue here. *Parker-Williams*, *supra*, 53 F.Supp.3d at 152. It is more than likely that attorneys' fees attributable to Plaintiff alone exceed $75,000 alone if this matter goes to trial.

## III.    TIMELINESS OF REMOVAL

24.    Under 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, . . . " The 30-day period for removal is triggered once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

25.    Accelerated was deemed served with the Complaint on March 1, 2021 when Accelerated's counsel executed the Notice and Acknowledgment of Receipt of the Complaint. Cal. Civ. Proc. Code § 415.30(c); Saathoff Decl., ¶2; **Exhibit "A."** Although the 30-day window to remove began when Accelerated was actually served, *i.e.*, March 1, 2021, Accelerated nonetheless files this removal on March 9, 2021. This Removal is accordingly timely under any measure.[6]

## IV.    NOTICE PROVIDED TO STATE COURT AND PLAINTIFF

26.    Written notice of this Notice of Removal in the United States District Court for the Northern District of California will be served on Plaintiff's counsel of record at Ackermann & Tilajeff, P.C. and Melmed Law Group P.C. A copy of the Notice to Adverse Party of Removal of Action to Federal Court is attached hereto as **Exhibit "B"** (without exhibits because the exhibit is this Notice). In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court in the Superior Court for the State of California, County of Alameda. A copy of the Notice to State Court of Removal of Action to Federal Court is attached hereto

---

[6]    Assuming the time to file a removal began when the Complaint was received via email by Accelerated's counsel on February 9, 2021, the removal is still timely since Thursday March 11, 2021 is 30 days following receipt of the Complaint.

as **Exhibit "C"** (without exhibits because the exhibit is this Notice).

27.    Accelerated respectfully requests that the above-mentioned litigation, now pending before the Superior Court of California, County of Alameda, be removed to this Court based on diversity jurisdiction.

Dated:  March 9, 2021                    Respectfully submitted,

                                         FISHER & PHILLIPS LLP


                                         By: */s/ Haylee Saathoff*
                                         Danielle Hultenius Moore
                                         Adam F. Sloustcher
                                         Haylee Saathoff
                                         Attorneys for Defendant
                                         Accelerated Services, LLC

1

**CERTIFICATE OF SERVICE**

2

       I, the undersigned, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

3

4

       On March 9, 2021 I served the foregoing document entitled **DEFENDANT ACCELERATED SERVICES LLC'S NOTICE OF REMOVAL** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

5

6

7

Craig J. Ackermann (SBN 229832)    Telephone: (310) 277-0614
ACKERMANN & TILAJEF, P.C.         Facsimile: (310) 277-0635
1180 South Beverly Dr, Ste 610        Email: cja@ackermanntilajef.com
Los Angeles, CA 90035             *Attorneys for Plaintiff and the Putative Class*

8

9

10

Jonathan Melmed (SBN 290218)     Telephone: (310) 824-3828
MELMED LAW GROUP, P.C.        Facsimile: (310) 862-6851
1801 Century Park E, Ste 850       Email: jm@melmedlaw.com
Los Angeles, CA 90067            *Attorneys for Plaintiff and the Putative Class*

11

12

13

14

☒    **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

15

16

17

18

       I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

19

20

       Executed March 9, 2021 at San Diego, California.

21

       Javier Rosado       By: _____

22

        Print Name                       Signature

23

24

25

26

27

28

FP 39650185.1